**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL E. PHILLIPS,
                    Appellant,

              v.

DEPARTMENT OF AGRICULTURE,
                    Agency.

DOCKET NUMBER
SF-0752-13-0078-I-1

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas Dimitre, Esquire, Ashland, Oregon, for the appellant.

Rayann Lund, Albuquerque, New Mexico, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective October 11, 2012, the agency removed the appellant from his Forestry Technician–Check Cruiser position with the Klamath National Forest (Klamath) in Yreka, California, based on a charge of failure to pass the advanced cruiser examination. Initial Appeal File (IAF), Tab 4 at 11-15. In support of the charge, the agency asserted that, in order to hold the title of Forest Check Cruiser, the appellant was required to be a certified advanced cruiser; however, he had repeatedly failed to pass the advanced cruiser exam. *Id.* at 17. The appellant filed a Board appeal of his removal in which he raised the affirmative defenses of harmful procedural error and disability discrimination on the basis of the agency's alleged failure to accommodate his disability of post-traumatic stress disorder (PTSD). IAF, Tabs 1, 33.

¶3 After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 38, Initial Decision (ID) at 1, 28. The administrative judge found that the agency proved the charge by preponderant evidence, ID at 15-18, that the action promoted the efficiency of the service, ID at

25, and that the penalty of removal was reasonable, ID at 25-27. The administrative judge also found that the appellant failed to prove his affirmative defenses. ID at 19-25.

¶4     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

### The administrative judge correctly found that the agency proved the charge by preponderant evidence.

¶5     The administrative judge found that the charge of failure to pass the advanced cruiser exam is similar to a charge of failure to meet the requirements of a position based on failure to complete the necessary training.[2] ID at 3 (citing *Radcliffe v. Department of Transportation*, 57 M.S.P.R. 237, 242 (1993)). The administrative judge explained that, to sustain the charge, the agency must show the following: (1) as a condition of his employment, the employee was required to pass the advanced cruiser exam; (2) the employee failed to pass the exam; and (3) the agency provided any required training in anticipation of the examination. ID at 3 (citing *LeBlanc v. Department of Transportation*, 60 M.S.P.R. 405, 414-17 (1994), *aff'd*, 53 F.3d 346 (Fed. Cir. 1995) (Table)).

¶6     Applying this standard, the administrative judge found that the agency required the appellant to become a certified check cruiser as a condition of employment, that before becoming a certified check cruiser the appellant was required to meet the standards for a qualified cruiser and then progress to the advanced cruiser level, and that he never qualified as an advanced cruiser because he failed to pass the advanced cruiser examination. ID at 16. The administrative judge also found that the agency provided the appellant the required training in

---

[2] During the prehearing conference, the parties concurred with the administrative judge's construction of the charge. *See* IAF, Tab 34 at 5.

anticipation of the advanced cruiser examination. ID at 16. Accordingly, the administrative judge sustained the charge. ID at 18.

¶7 On review the appellant argues that the administrative judge erred in finding that passing the advanced cruiser examination was a condition of employment.[3] PFR File, Tab 1 at 1-5. In particular, he asserts that passing the advanced cruiser exam was not a condition of employment because he was not informed until more than 2 months after he began his employment that he would need to pass an examination to become a certified check cruiser. *Id.* at 2.

¶8 The administrative judge rejected this argument, finding that the timing of when the appellant learned that he would need to pass the advanced cruiser examination as part of the process of becoming a certified check cruiser does not affect the fact that passing the exam was a condition of his employment. ID at 16 n.19. In rejecting the appellant's argument, the administrative judge credited Klamath's Natural Resources Officer's testimony that, when he interviewed the appellant for the position, he informed the appellant that he would need to become a certified check cruiser and that the checklist on the application form the appellant completed in applying for the position indicated he would need to reach the advanced cruiser level before becoming a certified check cruiser. ID at 16 n.19 (citing Hearing Compact Disc (HCD) (Blessing's testimony) and IAF, Tab 29 at 19); *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 460-61 (1987) (identifying the consistency of testimony with other evidence as a factor to consider in determining witness credibility). The appellant's argument that passing the advanced cruiser exam was not a condition of employment is thus essentially mere disagreement with the administrative judge's explained finding to the contrary and, as such, provides no basis to disturb the initial decision. *See*

---

[3] The appellant does not challenge the administrative judge's findings that the agency met the other requirements for proving the charge, i.e., that the appellant failed to pass the advanced cruiser examination and the agency provided him the required training in anticipation of the exam. *See* PFR, Tab 1. Based on our review of the record, we discern no reason to disturb those findings.

*Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

<u>The administrative judge correctly found that the appellant failed to prove his affirmative defenses.</u>

*Harmful Procedural Error*

¶9        The appellant reiterates his harmful procedural error claim on review.  PFR File, Tab 1 at 5-6.  An agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Bair v. Department of Defense*, 117 M.S.P.R. 374, ¶ 8 (2012).  It is the appellant's burden to prove that a procedural error occurred and that the error substantially prejudiced his rights such that the outcome was probably affected. *Mercer v. Department of Health & Human Services*, 772 F.2d 856, 859 (Fed. Cir. 1985); 5 C.F.R. § 1201.56(c)(3).

¶10       Both before the administrative judge and on review, the appellant argues that the agency committed harmful procedural error by removing him without providing annual Individual Development Plans (IDPs) setting forth what training he should receive and without placing him on a Performance Improvement Plan (PIP).  PFR File, Tab 1 at 5-6; IAF, Tab 33 at 6; *see* ID at 19 (citing HCD (the appellant's closing argument)).  Regarding the IDP issue, the appellant argues that the applicable collective bargaining agreement (CBA) and agency handbooks require the annual preparation of an IDP by the employee and the employee's supervisor setting forth the training needs of the employee; however, he never received one.  PFR File, Tab 1 at 5.  Regarding the PIP issue, the appellant asserts that his failure to achieve certification was a performance issue, and the agency was therefore required, pursuant to both the CBA and agency handbooks, to provide him a PIP.  *Id.*  The appellant also argues on review that the administrative judge never made a finding regarding the IDP and PIP issues.  *Id.*

¶11     Contrary to the appellant's assertion, the administrative judge made findings regarding both of these issues. *See* ID at 19-21.  As to the IDP issue, the administrative judge found that the appellant did not explain how completing and finalizing an IDP would have resulted in his receiving more training than was already provided by the agency.  ID at 20.  Thus, the administrative judge found, to the extent that the agency violated a procedural requirement regarding the IDP, that the appellant failed to show how this violation substantially prejudiced his rights.  ID at 20.

¶12     Regarding the appellant's argument that the agency committed harmful procedural error by failing to place him on a PIP when it identified specific deficiencies in his performance, the administrative judge found that the appellant failed to prove by preponderant evidence that the agency was bound by a provision in either the CBA or an agency handbook to place the appellant on a PIP prior to removing him pursuant to 5 U.S.C. chapter 75.  ID at 21.  In making this finding, the administrative judge noted that an employee is entitled to a reasonable opportunity to improve prior to an agency removing the employee for performance-based reasons pursuant to 5 U.S.C. chapter 43.  However, the administrative judge determined that the agency's action here was not taken for performance reasons but for failure to meet a necessary condition of employment by not passing a mandatory examination.  ID at 20-21; IAF, Tab 4 at 11-12, 17.  Thus, the administrative judge found that the agency did not make a procedural error in not meeting the requirements of an action brought pursuant to chapter 43.  ID at 21.  The administrative judge further found that, even presuming a procedural error occurred, there was no evidence that the presumed error of not placing the appellant on a PIP was likely to have caused the agency to reach a conclusion different from the one it reached in the absence or cure of the error.  ID at 21.

¶13     Based on our review of the record, we agree with the administrative judge that the record does not support the appellant's claims of harmful procedural

error. Even assuming that the agency violated a procedural requirement by failing to provide the appellant with an IDP, there is no evidence that the result would have been different absent the error because there is no evidence that the agency would not have removed him from his position because of his failure to pass the advanced certified cruiser exam even if it had provided him with an annual IDP. We also agree with the administrative judge that the agency did not err by failing to place the appellant on a PIP prior to removing him because he was not removed for performance-based reasons pursuant to 5 U.S.C. chapter 43. Therefore, we find that the administrative judge correctly found that the appellant failed to prove his harmful procedural error claims.

*Disability Discrimination*

¶14    On review the appellant also reasserts his claim of disability discrimination based on failure to accommodate. PFR File, Tab 1 at 6-7. The Rehabilitation Act requires an agency to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations.[4] *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014). The ADAAA defines "qualified individual," in part, to mean "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *See* 42 U.S.C. § 12111(8). The ADAAA defines "disability" to mean:

---

[4] As a federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act. However, the standards under the Americans with Disabilities Act have been incorporated by reference into the Rehabilitation Act. 29 U.S.C. § 791(g). The Americans with Disabilities Act Amendments Act of 2008 (ADAAA), which liberalized the definition of disability, became effective on January 1, 2009. *See* Pub. L. 110-325, 122 Stat. 3553 (2008), codified at 42 U.S.C. § 12101 *et seq*. Because the appellant was removed from his position on October 11, 2012, the ADAAA definition is applicable. Although the ADAAA changed the interpretation of the law as to the existence of a disability, it did not affect the requirements of the law as to reasonable accommodation. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 n.4 (2012).

"a physical or mental impairment that substantially limits[5] one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1)(A)-(C).  "Major Life Activities" include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).  Reasonable accommodation includes modifications to the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the essential job functions, or reassignment of the employee to a vacant position whose duties the employee can perform.  *Clemens*, 120 M.S.P.R. 616, ¶ 10.

¶15    An appellant may establish a disability discrimination claim based on failure to accommodate by showing that: (1) he is a disabled person; (2) the action appealed was based on his disability; and (3) to the extent possible, that there was a reasonable accommodation under which the appellant believes he could perform the essential duties of his position or of a vacant position to which he could be reassigned.  *Bennett v. U.S. Postal Service*, 118 M.S.P.R. 271, ¶ 10 n.2 (2012).

¶16    The administrative judge found that the appellant did not provide the agency or the Board any documentation supporting his claim that he suffers from PTSD, nor did he submit any credible evidence showing that his inability to pass

---

[5] The Equal Employment Opportunity Commission's ADAAA regulations provide that the term "'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADAAA. 'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630(j)(1)(i).  "An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.  An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.  Nonetheless, not every impairment will constitute a disability within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ii).

the advanced cruiser exam was related to his PTSD. ID at 23. Therefore, the administrative judge found that the appellant failed to prove either that he was disabled during the relevant time frame due to PTSD or that he was removed based upon any disability-related limitations. ID at 23.

¶17 The administrative judge further found that, even if the appellant could show that his removal was based on disability-related impairments, he failed to show that there was a reasonable accommodation that the agency could have provided that would allow him to continue working. ID at 23-25. In that regard, the administrative judge rejected the appellant's argument that the agency should have accommodated him by providing more one-on-one assistance in teaching him how to develop cruise designs. ID at 23. The administrative judge noted that the agency had provided the appellant extensive assistance from multiple sources and only removed him after years of such assistance had proved unsuccessful. ID at 23-24. In addition, the administrative judge noted that "it is unrebutted that the agency needed a certified check cruiser in the appellant's position." ID at 23-24. The administrative judge therefore found that "it would be unreasonable to require the agency to keep the appellant in a position where he is not performing its essential functions while providing still more training similar to that which had already proven ineffective." ID at 24.

¶18 The administrative judge also rejected the appellant's argument that the agency should have reassigned him to another position. ID at 24-25. In particular, the administrative judge credited the deciding official's testimony that she looked into reassigning the appellant but was unable to find any vacant positions for which he was qualified. ID at 24. By contrast, the administrative judge did not find credible the appellant's claim that he was aware of vacant positions for which he was qualified. ID at 24 Therefore, the administrative judge found that the appellant failed to prove by preponderant evidence his affirmative defense of disability discrimination. ID at 25.

¶19    The appellant reasserts his disability discrimination claim on review arguing that the administrative judge erred in finding that the agency had not discriminated against him "because 'the appellant never requested reassignment' and because the [a]ppellant 'believed that the agency should have accommodated him'." PFR File, Tab 1 at 7. The appellant has apparently misread the initial decision. Although the administrative judge noted that the appellant never requested a reassignment or, for that matter, any accommodation, he did not find that the appellant failed to prove his disability discrimination claim on that basis. Rather, as noted above, the administrative judge found that the appellant failed to prove his claim because, even if the appellant could show that his removal was based on disability-related impairments, he did not meet his burden of showing that there was a reasonable accommodation that the agency could have provided that would have allowed him to continuing working. ID at 23-25.

¶20    We also find unavailing the appellant's argument on review that he proved his disability discrimination claim by showing that he notified his supervisor of his disability in 2011 and 2012, and that the agency failed to engage in the interactive process required by the Rehabilitation Act. PFR File, Tab 1 at 6-7. Even assuming that the appellant informed his supervisor that he had a disability, thereby triggering the agency's obligation to engage in the interactive process, the agency's failure to engage in the interactive process alone does not violate the Rehabilitation Act; rather, the appellant must show that this omission resulted in a failure to provide reasonable accommodation. *Gonzalez-Acosta v. Department of Veterans Affairs,* 113 M.S.P.R. 277, ¶ 16 (2010).

¶21    As discussed above, the agency established at the hearing that there was no appropriate vacancy to which the appellant could be reassigned. ID at 24-25. Further, we discern no reason to disturb the administrative judge's finding that the agency did not deny the appellant a reasonable accommodation by failing to provide him with additional one-on-one training, given the appellant's failure to pass the advanced cruiser exam despite having received "extensive assistance

from multiple resources." ID at 23-24. Thus, even if the agency failed to engage in the interactive process, the appellant has not shown that this omission resulted in failure to provide reasonable accommodation.

<u>The administrative judge correctly found that the agency proved that removal is a reasonable penalty and promotes the efficiency of the service.</u>

¶22     The appellant does not offer any specific argument on review challenging the administrative judge's findings that there is a nexus between the charge and the efficiency of the service and that removal is a reasonable penalty for the sustained charge. ID at 25-27. Based on our review of the record, we discern no reason to disturb these findings.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims:  Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement ofprepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.